IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,

            v.           Criminal No. 1:12CR289

DOUGLAS HOWARD STORY,

            Defendant.

### DEFENDANT'S MOTION TO STRIKE PREJUDICIAL SURPLUSAGE FROM THE INDICTMENT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW the defendant, Douglas Howard Story, by undersigned counsel, pursuant to Rule 12 of the Federal Rules of Criminal Procedure (FED R. CRIM. P.), and moves this Honorable Court to strike prejudicial surplusage from the indictment, pursuant to Rule 7(d), FED. R. CRIM. P., on grounds that the indictment contains prejudicial allegations that are neither relevant nor material to the charges made in the indictment. The surplusage in the indictment is not essential to the charge: it is unnecessary and inflammatory.

### MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PREJUDICIAL SURPLUSAGE

In support of his motion to strike surplusage, Mr. Story submits that the indictment in this case exceeds its intended purpose, i.e., informing the accused "of the nature and cause of the accusation" against him, *U.S. Const. amend. VI; see also* FED. R. CRIM. P. 7(c)(1), because it contains more than the required "plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." FED. R. CRIM. P. 7(c)(1); *Hamling v. United States*, 418 U.S. 87 (1974). The indictment contains highly prejudicial surplusage, which, upon motion

1

of the defendant, the court may strike. FED. R. CRIM. P. 7(d).

Defendant, Douglas Howard Story, was charged in an indictment on June 28, 2012, with one count of possession of a machinegun, not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861. However, rather than just simply stating the charge in plain and concise language, the first six pages of the indictment go into a lengthy recitation of all of the government's "general allegations" in regard to the case, including numerous and highly prejudicial references to websites being "a White Supremacist website" or "an Aryan Nation website." The indictment also takes alleged quotes by the defendant on a website, inserting superfluous commentary and definitions. For example, the indictment claims that on a particular website the defendant says that he has a tattoo on his body that says "WPWW." The indictment then includes the government's interpretation of "WPWW" as standing for "White Pride World Wide." Indictment at 1. On page 2 of the indictment, the name of defendant's online persona "Confederate Brother" is more prejudicial then probative to the charge. The fact that a website is considered by the government to be an "Aryan Nation" website is mentioned three more times on page 2 for prejudicial effect. On pages 3 through 6 of the indictment, the government goes into step-by-step detail regarding the undercover source's contacts with the defendant, giving much more detail than is necessary to state the allegations against the defendant.

The indictment, as drafted, would only serve to be prejudicial and inflammatory if placed before a jury, and is contrary to the intended purpose of Rule 7(d), FED. R. CRIM. P., which is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in the indictment; or not essential to the charge; or unnecessary, or inflammatory. *See United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979) (citations omitted).

In *Poore*, the Fourth Circuit Court of Appeals reversed Poore's conviction for possession of an unregistered firearm and possession of a firearm by a previously convicted felon because the district court refused to strike objectionable language which consisted of the descriptive nature ("carrying a handgun") of his prior felony conviction. The Court quoted, with approval, language from *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974), that ". . . [i]t should suffice for the indictment to contain language simply stating that defendant had previously been convicted in a specified court of a crime punishable by imprisonment for a term exceeding one year, omitting language descriptive of the offense." *Poore*, 594 F.2d at 42 (quoting *Kemper*, 503 F.2d at 329).

Similarly, in the present case, it would be sufficient if the indictment simply alleged that Mr. Story knowingly received and possessed a machinegun, which was not registered to him in the National Firearms Registration and Transfer Record. The necessary allegations are succinctly and clearly stated on page 7 of the indictment. There is no need for a detailed rendition of an undercover source's history of contacts with the defendant. Most importantly, there is no non-prejudicial reason for the indictment to claim at least 5 times that the contact between the source and the defendant occurred on Aryan Nation or White Supremacist websites. This fact makes it no more likely than not that Mr. Story possessed a machine gun.

## **CONCLUSION**

WHEREFORE, Mr. Story respectfully requests that this Court order the government to strike from the indictment the first 6 pages of the indictment, which contains nonessential allegations that could prejudicially impress a potential jury in this case.

Respectfully submitted,

DOUGLAS HOWARD STORY

By: _____/s/_____
Gretchen Lynch Taylor
Virginia Bar #39087
Attorney for Douglas Howard Story
10605 Judicial Drive, Suite A-5
Fairfax, Virginia 22030
Phone: 703-385-5529
Fax: 703-934-1004
gretchentaylor@verizon.net

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2012, I will electronically file the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Ronald L.Walutes, Jr.
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
ron.walutes@usdoj.gov

```
              /s/
```
_____/s/_____
Gretchen Lynch Taylor
Virginia Bar #39087
Attorney for Douglas Howard Story
Taylor Law Company
10605 Judicial Drive, Suite A-5
Fairfax, Virginia 22030
Phone: 703-385-5529
Fax: 703-934-1004
gretchentaylor@verizon.net