IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO.: 1:12CR 289 |
| | ) |
| DOUGLAS HOWARD STORY, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The parties stipulate that the allegations in Count One of the Indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. Beginning in August 2011, Douglas Howard Story posted information on the Internet indicating that he was interested in acquiring an AK-47 rifle (or firearm) modified to do automatic bursts.

2. On or about March 26, 2012, a confidential source used by the Federal Bureau of Investigation contacted Story by telephone and agreed to meet him in Chantilly, Virginia, within the Eastern District of Virginia. The meeting took place on April 5, 2012. Story asked if the source could help Story modify his AK-47 rifle from semi automatic to fully automatic.

3. During subsequent conversations, Story acknowledged that the weapon would be illegal and that he still wanted to proceed with the modification of his AK-47 rifle.

4. On May 9, 2012, Story met with an undercover law enforcement officer and the source at a restaurant in Chantilly, Virginia, within the Eastern District of Virginia,. During the meeting, the undercover law enforcement officer explained the modifications to make Story's

AK-47 rifle fully automatic. Story acknowledged that he knew the legal ramifications if caught with a fully automatic rifle and assured the undercover officer he would not say anything. This conversation was recorded.

5. After finishing lunch, Story, the undercover officer and source exited the restaurant and walked to Story's pick-up truck. Story opened his truck's tail gate and pulled out a hard case which contained his AK-47 rifle. Story gave them his AK-47 rifle and $125 to modify his weapon to fully automatic. The AK-47 rifle was subsequently modified to fire multiple rounds with a single pull of the trigger and a select switch was added to permit single fire and automatic fire.

6. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has confirmed that Douglas Howard Story is not registered in the National Firearms Registration and Transfer Record to possess a firearm which can automatically shoot more than one shot with a single function of the trigger.

7. On the afternoon of May 30, 2012, the FBI together with local law enforcement authorities delivered the illegally modified AK-47 rifle to Douglas Howard Story in the parking lot of a restaurant in the Bull Run Shopping Plaza in Manassas, Virginia, within the Eastern District of Virginia. After being shown the aforementioned modified AK-47 rifle and having its functions explained by the undercover officer, Story took possession of the illegally modified AK-47 rifle with automatic fire and turned away with the illegally modified AK-47 rifle in his right hand. While walking across the parking lot with his AK-47 rifle, Story was stopped and placed under custodial arrest in the Eastern District of Virginia. The possession of this machine gun by Story was videotaped. After his arrest, Story waived his rights and admitted to being aware that possessing

a machine gun was illegal and to having engaged in the above-detailed Internet communications in an effort to acquire a machine gun.

8. The acts taken by the defendant, Douglas Howard Story, in furtherance of the offense charged in this case, possessing a machine gun which shoots and is designed to shoot automatically more than one shot, without manual reloading, by a single function of the trigger in violation of 26 U.S.C. § 5861, as further defined in 26 U.S.C. § 5845 (a) and (b), including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: _____
Ronald L. Walutes, Jr.
Assistant United States Attorney

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Douglas Howard Story

I am Douglas Howard Story's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his/her decision to stipulate to these facts is an informed and voluntary one.

_____
Gretchen Lynch Taylor, Esquire
Attorney for Douglas Howard Story