IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:12CR289 |
| | ) | Sentencing Date: November 2, 2012 |
| DOUGLAS HOWARD STORY | ) | The Honorable Claude M. Hilton |
| Defendant. | ) | |

POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS

Pursuant to Rule 32 of the *Federal Rules of Criminal Procedure*, Section 6A1.3 of the advisory *United States Sentencing Guidelines* (the "Guidelines"), and this Court's Policy Regarding Procedure to be Followed in Guideline Sentencing, the Defendant, Douglas Howard Story, through counsel, states that he has received and reviewed the Presentence Investigation Report ("PSR") prepared in this case and its Addendum and he offers no corrections or objections thereto. Furthermore, Defendant asserts that a sentence of 5 months is sufficient to achieve the goals of sentencing under 18 U.S.C. § 3553(a).

APPLICATION OF SENTENCING FACTORS PURSUANT TO 18 U.S.C. § 3553(a)

The Sentencing Reform Act, 18 U.S.C. § 3551, contains an "overarching instruction" that district courts must impose sentences "sufficient but not greater than necessary" to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a)(2). *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). These statutory sentencing goals include retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment"), deterrence and incapacitation ("to protect the public from further crimes"), and rehabilitation ("to provide the

1

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

In fashioning a sentence designed to meet those goals, however, the Court must "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall v. United States*, 128 S. Ct. 586, 598 (2007) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). Accordingly, section 3553 directs courts to consider: (a) the nature and circumstances of the offense and the history and characteristics of the defendant, (b) the kinds of sentences available, (c) the guideline range, (d) the need to avoid unwarranted sentencing disparities, (e) the need for restitution, and (f) the need for the sentence to reflect the following: the seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a).

The Sentencing Guidelines provide only a "rough approximation" of what might constitute an appropriate sentence in a given case. *Rita v. United States*, 551 U.S. 338, 350 (2007). As such, the Court may consider not only individual and unique circumstances about a particular case to determine whether a Guideline sentence would be "greater than necessary" to accomplish the purposes of sentencing, but also whether the advisory Guideline simply reflects an "unsound judgment." *Kimbrough*, 128 S. Ct. at 575.

a. **A sentence of 5 months is appropriate, given the nature and circumstances and the seriousness of the offense**

The instant crime is the creation of the FBI. After becoming concerned with some of Douglas Story's posts on the internet, the FBI caused an informant to engage in a series of conversations with Mr. Story. When Mr. Story expressed interest in converting his legal AK-47 firearm to a machine gun, the informant introduced Mr. Story to an undercover officer. This undercover officer took possession of Mr. Story's legal AK-47, had the FBI convert it into an illegal machine gun, placed it back into the hands of Mr. Story, and then immediately thereafter, placed Mr. Story under arrest for possession of the machinegun that the FBI provided.

There is something intrinsically wrong about punishing Mr. Story for possessing a firearm that was legal until the FBI converted it into an illegal firearm. Mr. Story had possession of the modified AK-47 for mere seconds and was within the control of law enforcement the entire time. Mr. Story did not financially profit from the possession of the modified AK-47.

Mr. Story acknowledged in his pre-sentence interview that he wanted his AK-47 modified so that "he could stand with the military personnel and defend the U.S." See PSR ¶ 34. Mr. Story related that he believed that an attack against the U.S. was imminent. PSR ¶ 34. Mr. Story's father Jesse also related that he is convinced that Doug has no ulterior motive concerning the modification of his firearm. See Exhibit 1, page 2. Jesse Story stated, "Douglas had always wanted to be in law enforcement but he could not pass the required physical examinations with his limitations after the motorcycle crash. So, he believed he was doing the next best thing by being available

to assist law enforcement if our Nation was ever in dire need. Douglas came to the conclusion that our nation might need armed citizens to help law enforcement after trusting less than reputable characters on the internet…[b]ut Douglas trusted them and believed they were right." Exhibit 1.

Mr. Story fully cooperated with law enforcement, immediately admitting his involvement in the instant offense. PSR ¶¶ 18, 28. He pleaded guilty and accepted responsibility for his actions.

b. **A sentence of 5 months of incarceration would take into consideration the history and characteristics of Douglas Story**

Douglas Story is a 49 year old loving husband, son, brother and friend. He is a hard worker with a steady employment history. He has a commercial driver's license with an unblemished driving history. He has no prior criminal history.

   i. **Doug's family and upbringing**

   Doug was raised in a stable home with caring parents who provided for his needs. He never suffered from any form of abuse. Seventeen years ago, he moved out of his parent's home and married his wife Sandy. While his marriage to Sandy was stagnant at the time of the instant offense, Doug's incarceration has brought Doug and Sandy closer together and they look forward to a long life together. See Exhibit 2.

   It is this strong family support which will help Doug get through the remainder of his incarceration and ensure that he is not a recidivist.

4

### ii. Employment history

Doug Story has had a steady employment history since the age of 20, when he was enlisted briefly with the US Navy. PSR ¶ 85. His most recent employment was as a highway maintenance worker with Virginia Department of Transportation from 2005 until March of 2012, when he was moved to long-term disability status due to a work-related injury. PSR ¶ 78. Mr. Story still maintains a commercial driver's license and hopes to get a commercial driving job upon his release. His future goals include studying for and obtaining his Class A license so that he can do long-haul commercial trucking.

### iii. Health issues

At the age of 21, Doug Story suffered a serious motorcycle accident that required hospitalization for approximately 7 months. Records indicate that Mr. Story suffered from cognitive deficits as a result of brain damage/injury. See PSR ¶ 71. Jesse Story, Doug's father, detailed in his letter to the court the results of Doug's motorcycle crash in 1985: "After the crash, he was transported to the University of Virginia Hospital in Charlottesville where he was treated for multiple injuries, including a severe, traumatic brain injury. Douglas remained in a coma, after he was stabilized for approximately five weeks. As he was slowly recovering from the coma, there was one day where he was strapped in a hospital chair, with his head drooping and he was drooling on himself. At that time, one of the doctors at the UVA hospital

advised, "This may be as good as he ever gets." See Letter from Jesse Story, Exhibit 1. Mr Story continued, "Douglas recovered from the traumatic brain injury to the point that he could function as a contributing member of society. Douglas was not however able to fully recover from one of the lingering after effects of the frontal lobe brain injury. That is the part of the brain that houses our logic and reasoning functions – it provides us with the ability to assess situations and for see the consequences of our actions." Exhibit 1.

**iv. Doug's character**

Doug's family and friends have submitted letters to the Court, attesting to his good character. See Defendant's Exhibits 1-7. There are several themes which appear to run through all of these letters as the people who care the most for Doug attempt to paint a fuller picture of Doug Story for the Court.

- <u>Doug is thoughtful and concerned with helping others</u>

Doug Story always wanted to be a police officer so that he could protect and serve others. He is extremely thoughtful and concerned about others. Exhibit 2. His former boss said, "His attitude toward helping others was one of his strong points." Exhibit 3. His wife Sandy noted that Doug received many commendation letters for helping people and making them feel safe. Exhibit 2. He often drives his friend, who is a disabled vet, visiting him, and taking him food. Exhibit 5. "He still loves helping anyone who needs help carrying groceries, changing a tire, jumping a battery, and any other way he can help someone." Exhibit 2.

6

- <u>Family is important to Doug</u>

Doug's father, in his letter to the Court, outlined the serious illness that Doug's wife Sandy suffered in 2008. See Defendant's Exhibit 1. In fact, Sandy was on full life support with multiple organ failure and doctors indicated that Sandy probably would not survive. The doctors recommended that life support should be withdrawn. However, "there was no hesitation in Douglas' response to the doctor. Sandy was his wife, he loved her, and he would not under any circumstances agree to withdrawing life support." Exhibit 1, pages 1-2.

- <u>Doug is a hard worker</u>

Doug is described as a very hard worker. He will do things he sees that need to be done, without being told or asked. Exhibit 2. He is dependable and honest. Exhibit 3. Mr. Story's friends also know him to be a hard worker. See Exhibit 5. Doug has "been a productive member of society and has worked continuously to the best of his ability." Exhibit 1, page 2.

- <u>Doug is pleasant</u>

Doug is described as helpful and pleasant. Exhibit 6. Doug is a "nice fellow." Exhibit 7. Doug has always shown a "respectful and warm feeling towards anyone." Exhibit 3. Doug is pleasant with co-workers and guests. Exhibit 4.

- Doug is not dangerous

People who know Doug well have "never known him to be prone to violence." Exhibit 7. "He is not perfect nor is he very bright, but he is not dangerous." Exhibit 7. He has never been seen to harm another person. Exhibit 5. "Douglas is not a threat to society and no purpose would be served in his continued incarceration." Exhibit 1, page 3.

- Doug is remorseful

Doug Story has expressed remorse to his parents for the actions he has taken, for the embarrassment he has brought to his family and for the problems for which he is responsible. Defendant Exhibit 1. To his wife, he has expressed extreme remorse every day in letters and phone calls. She believes that he never intended to harm anyone. Exhibit 2. Doug realizes "that he really needs to think before he says and does things." Exhibit 2.

**c. A sentence of 5 months would consider the guidelines and would avoid unwarranted disparities in sentencing**

The advisory Sentencing Guideline range in this case is 18-24 months. Mr. Story's base offense level was 18 based solely on the type of weapon involved. 3 points were subtracted for acceptance of responsibility. Mr. Story has no criminal history and therefore is a criminal history category I.

A sentence of no more than 5 months will avoid unwarranted sentencing disparities. Defendant's counsel is unaware of any similar cases that have occurred in

this district. The Government alludes in its position paper to a case of a Navy SEAL who was sentenced by Judge Brinkema but has provided no details regarding this defendant, his crime or his sentence so that the Court can compare that case to Mr. Story's case.

The guidelines cannot take into account all of the unique circumstances of this case, most notably, that this was a crime that was created by the FBI, as the FBI converted Mr. Story's legal AK-47 into an illegal machine gun and then gave Mr. Story momentary possession of the illegal firearm before arresting him. A sentence that considers the guidelines, but imposes a punishment consistent with the mitigating factors of this defendant and this case, does not create an unwarranted disparity. Rather, it creates a disparity based on the facts specific to the individual case, which is very much warranted.

**d. A sentence of no more than 5 months will provide a just punishment as well as promote respect for the law and serve to deter Douglas Story from unlawfully possessing firearms.**

A sentence of 5 months is a severe punishment and will serve to deter Mr. Story from unlawfully possessing firearms. Such a sentence is a sufficient punishment, but not greater than necessary, especially given Mr. Story's total lack of prior incarcerations. As the Second Circuit has noted, a defendant who has not previously been sentenced to incarceration, or has been sentenced to minimal incarceration, might very well be deterred by a lesser amount of incarceration than someone who has shown themselves to be undeterred by a lengthy sentence. See U.S. v. Mishow, 241 F.3d 214, 220 (2d Cir. 2001).

Even upon release from confinement, Mr. Story will continue to have restrictions on his liberty. Supervised release will allow the Court to insure that Mr. Story is not engaging in any further unlawful activity.

**e. A sentence of 5 months will provide Douglas Story with needed correctional treatment in the most effective manner.**

There is no doubt that Mr. Story will be able to lead a productive and worthwhile life once released from incarceration. He could benefit from any education or job training that is available. Mr. Story has no substance abuse treatment issues.

Mr. Story enjoys strong family support and it is our contention that these family ties will help to prevent future recidivism. If Mr. Story is not sentenced to the time he has already served (5 months), he would request that the Court recommend to the BOP that he be placed in a facility as close as possible to Huntington, WV, where his wife intends to relocate, ideally FCI Ashland, in Ashland, KY.

CONCLUSION

A 5 month sentence is more than sufficient to comply with factors set out in 18 U.S.C. § 3553(a). A sentence of 5 months would reflect the seriousness of the offense, promote respect for the law, provide just punishment, accomplish specific and general deterrence, and provide much needed substance abuse treatment. Accordingly, Mr. Story respectfully requests that this Court impose a sentence of no more than 5 months imprisonment.

Respectfully submitted,

DOUGLAS HOWARD STORY

By: _____/s/_____
Gretchen Lynch Taylor
Virginia Bar #39087
Attorney for Douglas Howard Story
Taylor Law Company
10605 Judicial Drive, Suite A-5
Fairfax, Virginia 22030
Phone: 703-385-5529
Fax: 703-934-1004
gretchentaylor@verizon.net

## EXHIBITS

| | |
|---|---|
| 1 | Letter to the Court from Jesse Story, Defendant's father |
| 2 | Letter to the Court from Sandy Story, Defendant's wife |
| 3 | Letter to the Court from Scott Simpson, Defendant's former boss |
| 4 | Letter to the Court from George Shortridge |
| 5 | Letter to the Court from Joseph Banker |
| 6 | Letter to the Court from Pastor Jeffrey Wilson |
| 7 | Letter to the Court from Pastor James Canody |

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2012, I will electronically file the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Ronald L. Walutes, Jr.
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
ron.walutes@usdoj.gov

A copy of the foregoing pleading will also be served by e-mail to:

Terrell C. Sewell, Jr.
United States Probation Officer
10500 Battleview Parkway, Suite 100
Manassas, Virginia 20109
(703) 366-2100
terrell_sewell@vaep.uscourts.gov

_____/s/_____
Gretchen Lynch Taylor
Virginia Bar #39087
Attorney for Douglas Story
Taylor Law Company
10605 Judicial Drive, Suite A-5
Fairfax, Virginia 22030
Phone: 703-385-5529
Fax: 703-934-1004
gretchentaylor@verizon.net